UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD HARDRICK, #606507

    Plaintiff,

v.

UNKNOWN FORREST, et al.,

    Defendants.
_____/

CASE No. 2:21-cv-238

HON. ROBERT J. JONKER

## ORDER REJECTING
## REPORT AND RECOMMENDATION

Plaintiff says three fellow prisoners assaulted him a bathroom at Chippewa Correctional Facility (URF) and forced him to perform fellatio on one of them. That was in the early hours of September 14, 2020, in the wake of a disturbance triggered by a lobby fight among three inmates and escalated into a several-hours-long riot by the refusal of corrections officers to unlock doors so uninvolved prisoners could retreat to the relative safety of their individual cells. Later that day, Plaintiff was transferred to Marquette Branch Prison (MBP), where he says he reported the incident and sought medical care without success.

Plaintiff sues several known and unknown Corrections Officers from URF for allegedly leaving their posts and disregarding credible threats to Plaintiff's safety, ultimately exposing Plaintiff to the sexual assault in the bathroom. He also sues the MBP Warden for disregarding his report of the sexual assault occurring at URF, and a nurse at MBP for deliberate indifference to his post-assault medical needs. Defendants have all moved for summary judgment based on plaintiff's failure to exhaust his claims, and those motions remain pending. ECF Nos. 21, 27. In the course of reviewing the briefing and other record materials on those motions, the Magistrate Judge

determined that plaintiff's case is really subject to dismissal on the merits under 28 U.S.C. § 1915(e), and filed a Report and Recommendation explaining why. ECF No. 33. Plaintiff objects. ECF No. 34.

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 33) and Plaintiff's Objection to the Report and Recommendation (ECF No. 34). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The key basis for the Magistrate Judge's conclusion is a factual finding by the hearing officer who sustained a Class I misconduct ticket against Plaintiff for inciting a riot, rioting, and destroying property during the September 13, 2020 fracas. Plaintiff's defense to the misconduct ticket was that he was in the bathroom, not the lobby where the rioting was occurring, and so he could not be guilty. The hearing officer reviewed the evidence, including video of the lobby area, and concluded that plaintiff was plainly present in the lobby during the riot. Accordingly, the hearing officer sustained the ticket and found plaintiff responsible for rioting.

The Magistrate Judge correctly concludes that factual findings made by a hearing officer during a Class I proceeding are normally entitled to preclusive effect when the issue is properly in

2

play, resolved by the officer in a judicial capacity and a prisoner had an adequate opportunity to contest the dispute.[1] Assuming, without deciding, that the factual findings are entitled to preclusive effect here, the Court is not satisfied that they would, standing alone, make plaintiff's claim subject to dismissal at this time under Section 1915(e).

A factual finding that Plaintiff was in the lobby rioting, not in the bathroom, is certainly a proverbial "bad fact" for Plaintiff. At a minimum, Plaintiff will have some explaining to do if his claim is ultimately ripe for submission to a fact finder. But that is not the same thing as concluding his claim is automatically frivolous, malicious, or otherwise subject to dismissal for failure to state a claim. As Plaintiff notes in his objections, the overall fracas lasted several hours, and during that time, it is certainly plausible that people moved from one place to another. Plaintiff may well have been in the lobby rioting at some point but retreated to a bathroom later. Those kinds of details were not critical to the Class I misconduct—it was enough to determine that Plaintiff as at some point in the lobby, participating in the riot. But for this case, more will be necessary to resolve the merits, assuming the claims survive Defendants' exhaustion motions.

The other item the Magistrate Judge identifies is an affidavit Plaintiff filed on behalf of another prisoner in a different case. In that affidavit, Plaintiff swears that he witnessed a sexual assault of that other prisoner on September 14, 2020, at URF, during the course of the same fracas during which he allegedly was assaulted. Plaintiff recites in that affidavit that he was speaking out only because a friend of his reported "something like this had happen[ed] to him also that night. And if it could happen to them, it could happen to me and I would hope someone would help me

---

1 The Court notes that plaintiff was not allowed to see the incriminating video himself because of prison security concerns that this would expose to the inmate the field of view and other capabilities of the URF cameras. ECF No. 22-4, at PageID.144. What, if any, impact that had on the adequacy of plaintiff's opportunity to contest things could potentially affect the preclusive effect of the fact finding.

3

as well…." ECF No. 33, PageID.211 (Report and Recommendation quoting Hardrick affidavit). Plaintiff signed the affidavit on March 18, 2021. *Id.*

The Magistrate Judge concludes that this statement "directly contradicts Hardrick's sexual assault claims in this case." *Id*. But the Court does not see that. Plaintiff explains in his Objections that he witnessed this event "shortly after" his own assault allegedly occurred. ECF No. 34, PageID.215. Plaintiff also asserts that the "friend of his" referred to in the affidavit was actually him, but that he sought to conceal his assault due to embarrassment and concern that he would become a target. *Id*. The Court agrees that it is certainly possible for him to have been in multiple locations over several hours. What's more, while the sworn statement that such an assault "could happen" and its implication that it did not occur to Plaintiff is certainly relevant, the ultimate factfinder would have to be weighed against Plaintiff's verified complaint and any testimony offered if this matter reaches the merits.

On the present record, the Court is not prepared to accept the Magistrate Judge's recommendation for a Section 1915(e) dismissal. The Court therefore rejects the Magistrate Judge's recommendation for dismissal at this time and remands the matter to the Magistrate Judge for resolution of the pending exhaustion motions.

**IT IS SO ORDERED**.

Dated:   October 18, 2022                              /s/ Robert J. Jonker
                                                                        ROBERT J. JONKER
                                                                        UNITED STATES DISTRICT JUDGE