UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARD HARDRICK, #606507

    Plaintiff,

v.

UNKNOWN FORREST, et al.,

    Defendants.
_____/

Case No. 2:21-cv-238

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 49), and Plaintiff's Objections to the Report and Recommendation, (ECF No. 50). The Court has also reviewed Defendants Forrest, Jefferies, Kubont, and Lounds's Response to Plaintiff's Objections. (ECF No. 51). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendants Forrest, Jefferies, Kubont, and Lounds's response to Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally supported.

Plaintiff was permitted to proceed *in forma pauperis*. (ECF No. 7). After conducting the requisite review under 28 U.S.C. § 1915(e)(2), the Magistrate Judge carefully and thoroughly considered the record and the governing law. The Magistrate Judge recommends that the Court grant the five known Defendants' Motion for Summary Judgment. (ECF No. 49 at PageID.321–34). The Magistrate Judge also recommends that the Court dismiss Plaintiff's claims against the two unknown Defendants for failure to timely identify and serve process on these individuals under FED. R. CIV. P. 4(m). (*Id.* at PageID.334–35).

The Magistrate Judge properly analyzed Plaintiff's claims. First, Plaintiff did not take any steps to identify the unknown Defendants so that the United States Marshals could serve process before the 90-day service clock expired on June 6, 2022. (ECF No. 11). Second, Judge Vermaat correctly concluded that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims that Defendants failed to protect him during a prison riot and then were deliberately indifferent to his serious medical needs after he was allegedly sexually assaulted by other inmates during the riot. Viewing the evidence in the light most favorable to Plaintiff—as it must—the Court agrees that Plaintiff failed to show that Defendants violated his Eighth Amendment rights. At the very least, Defendants' conduct did not violate clearly established Eighth Amendment law, so they are entitled to qualified immunity. *See, e.g.*, *White v. Pauly*, 580

U.S. 73, 78 (2017) (per curiam) (qualified immunity standard). Plaintiff's Objections are nothing more than repackaged versions of arguments the Magistrate Judge appropriately rejected and have no impact on the Court's analysis.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 49), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Plaintiff's claims against Defendants Forrest, Lounds, Jefferies, Kubont, and Huss are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims against the two unknown Defendants are **DISMISSED WITHOUT PREJUDICE**.

4. For the same reasons that the Court dismisses Plaintiff's Complaint, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

5. This matter is **TERMINATED**.

**IT IS SO ORDERED.**


Dated: December 20, 2023          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE